Walter M. Bjork, Madison, Wis., for plaintiff.

George E. Rapp, U. S. Atty., and James H. McDermott, Asst. U. S. Atty., Madison, Wis., for defendant.

STONE, District Judge.

This action arose as a result of injuries sustained by the plaintiff, a widow, who was 70 years of age on September 3, 1952, the date of the accident and who then resided about one block from the Post Office Building of the defendant. About 11:00 a. m. on that day she approached the defendant's Post Office Building at the Monona Avenue entrance in Madison, Wisconsin, and ascended the first flight of three steps of said entrance, crossed the platform and ascended the second and last flight of five steps. As she was stepping to the top step she toppled backward to her left and fell to the platform between the two flights of stairs, and as a result of said fall sustained severe injuries, including a complete fracture of both bones in her wrist, the radius and the ulna, also a complete fracture of the left femur. She was hospitalized from September 3, 1952 to January 19, 1953. Her special damages as a result of said injuries amounts to $2,747.35. The medical testimony es-

**Pauline H. WILLIAMS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 2509.**

United States District Court
W. D. Wisconsin.

Oct. 23, 1956.

tablishes the fact that she suffered a permanent injury with a disability of about 25%.

This action is brought under the Federal Tort Claims Act, Title 28 U.S.C.A. § 2674, which provides in part:

"The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances * * *."

Section 1346(b) of Title 28 provides that the United States District Courts shall have exclusive jurisdiction of civil actions against the United States for personal injury:

" * * * caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to a claimant in accordance with the law of the place where the act or omission occurred."

Plaintiff contends that defendant was negligent in that it failed to comply with the Wisconsin "Safe Place Statute", and the Rules and Orders of the Wisconsin Industrial Commission relating to the construction and maintenance of public buildings.

Section 101.06 of the Wisconsin Statutes, known as the "Safe Place Statute", provides that every owner of a public building now or hereafter constructed shall so construct, repair and maintain such building as to render same safe. The Rule or Order of the Wisconsin Industrial Commission, effective in 1942 (thirteen years after the Madison Post Office Building was constructed and opened to the public for use) relating to outside stairs of public buildings reads in part as follows:

"Stairways on the outside of buildings and an integral part thereof having more than three risers shall have a handrail at each side, and if the stairway is more than 50 feet wide, one or more intermediate handrails shall be provided."

Plaintiff asserts that if the Wisconsin Code and the Safety Orders of the Industrial Commission are not applicable, then the defendant is liable at common law, in that it had a duty to perform to the public, and its invitees, to maintain the Post Office premises in question in a reasonably safe condition free from danger, and in so doing to exercise that same degree of care that an ordinarily cautious and prudent person operating and maintaining a public building would exercise under the same or similar circumstances to protect its customers and invitees from danger. That defendant was negligent in failing to erect a handrail on the Post Office steps used by the plaintiff at the time of her injury.

The defendant denies that it was negligent in the maintenance and operation of the Post Office Building. It contends that it is not subject to any legislation of the State of Wisconsin relating to this building and its maintenance; that the Wisconsin Safe Place Statute and the Rules and Orders of the Wisconsin Industrial Commission relating to outside stairways of this building are not applicable against the United States, in the maintenance and operation of this Post Office and Court House Building in that it acquired exclusive jurisdiction thereon on conditions as set forth in Section 1.02 and 1.03 of the Wisconsin Statutes.

Section 1.02 reads in part as follows:

"Subject to the conditions mentioned in section 1.03 the legislature hereby consents to the acquisitions heretofore effected and hereafter to be effected by the United States, by gift, purchase or condemnation proceedings, of the title to places or tracts of land within the state; and, subject to said conditions, the state hereby grants, cedes and confirms to the United States exclusive jurisdiction over all such places and tracts."

Section 1.03(3) provides:

"That the state shall forever retain concurrent jurisdiction over

**6.**

every such place or tract to the extent that all legal and military process issued under the authority of the state may be served anywhere thereon, or in any building situate in whole or in part thereon."

Under the terms of the said Statutes the State of Wisconsin ceded its power of governing such premises, or legislating with reference to them, to the defendant. It surrendered to it the power or right it had of exercising authority or control over them. The Safe Place Statute or the Rules and Orders of the Wisconsin Industrial Commission, are inapplicable to the said premises of the defendant and it cannot be found to be negligent for failing to comply therewith.

The stairs shown in Photograph Exhibit 2 were of granite and free of any wear or defect. Notwithstanding the lack of a handrail, they were reasonably safe and free of danger to the users thereof. The defendant in the maintenance and operation of the premises involved herein had exercised that degree of care and control that an ordinarily cautious and prudent person operating and maintaining a public building would exercise under the same or similar circumstances. It was not negligent in failing to maintain a handrail on said stairs.

Section 2680, Title 28 U.S.C.A. of the Federal Tort Claims Act provides as follows:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

"(a) Any claim based upon * * * the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

The cause of the plaintiff's injuries was her unfortunate misstep and not the lack of a handrail on the stairs. The stairway without the handrail met the common law requirement that they be reasonably safe and free from dangers for the users thereof. The function of deciding whether a handrail should be installed on the stairs was one for the General Services Administration which was charged with the responsibility of the maintenance of said premises. It was a discretionary matter with this department as to whether it would make the safe steps more safe by the installation of handrails on the stairs.

On the date of the accident the Madison Post Office had 1,100 Post Office Boxes in use. The Court takes judicial knowledge of the fact that on that date the City of Madison had a population of over 100,000 people. The volume of human traffic, old and young, weak and strong, in and out of the Post Office at this entrance was not less than a thousand persons each week day, yet during the twenty-three years that the entrance and stairs had been in use the only accident that occurred thereon was the plaintiff's.

The defendant did not insure the safety of the plaintiff against injury while she was on said premises and was not obligated to do so. It was required to maintain and operate the premises in a reasonably safe condition for use by the plaintiff and others having business with the Post Office, to the same extent as if it were a private person, which it did.

The Court finds that the defendant was not negligent in failing to erect and maintain handrails on the stairs, and that the plaintiff's complaint should be dismissed, without costs. Defendant's counsel may submit proposed findings of fact and conclusions of law.